In the Matter of the Final Judicial Settlement of the Account of FRANKLIN G. CORNELL, as Administrator, etc.

When upon presentation of a petition by an administrator to be discharged upon filing receipts showing payments made pursuant to the surrogate's decree in proceedings for a final accounting then pending, and that objections then filed be overruled, the next of kin appeared, insisted upon said objections and made further objections referring to facts alleged, which occurred since the accounting, showing bad faith on the part of the administrator in the accounting. *Held*, it was within the discretion of the surrogate to deny the motion, permit the filing of an answer by the next of kin, and direct a hearing thereon (Code Civ. Pro. § 2472); and that the exercise of this discretion was not reviewable here.

(Argued February 27, 1893; decided March 7, 1893.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made November 15, 1892, which affirmed an order of the Surrogate's Court of Tompkins county, denying the petition of Franklin C. Cornell that a decree be entered in proceedings instituted in 1881 for the final settlement of the accounts of said administrator, and that objections there filed be overruled, and that upon his filing vouchers showing payments to persons entitled to their portions as ascertained and settled in said proceedings, that he be discharged as such administrator, which order also directed that the answer of the next of kin of said deceased, containing objections to the account filed, be received, and that the issues thus framed be tried.

The following is the opinion in full:

"The proceeding for the accounting of the administrator, which was instituted in 1881, was still pending when he filed his petition. It recognizes its pendency by asking the court to overrule, or to dismiss, the objections then filed. Upon the coming in of the next of kin, and persons interested in the estate, who had been cited at the request of the petitioner, and it then appearing to the surrogate that the objections formerly made were still insisted upon; that still further objections were made, having relation to matters since occurring, and that there were facts militating strongly against the good faith and conduct of the administrator, in

connection with his accounting, and in his relations with his brothers and sisters, it was eminently proper for the surrogate, in the exercise of his judicial discretion in the matter, to refuse to discharge the administrator, in the summary manner prayed for, and to permit the filing of the answer by the next of kin, and a hearing upon the issues made by the denial and charges contained therein. The exercise of his discretion was warranted by the Code; which invests him with the broad jurisdiction to direct and control the conduct and settle the accounts of executors or administrators and to administer justice in all matters relating to the affairs of decedents (§ 2472). The order was in no sense final; but one made in the proceeding and which regulated the procedure. It required the hearing of proofs on the issues presented and was interlocutory in its nature. The review of such a discretionary order stopped with the action of the General Term, and we will not consider an appeal therefrom.

"The appeal should be dismissed, with costs against the appellant personally."

*Charles A. Collin* and *Henry W. Cornell* for appellant.

*Simeon Smith* and *Charles H. Blair* for respondents.

*Per Curiam* opinion for dismissal of appeal.

All concur, except Finch, J., not sitting.

Appeal dismissed.